UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AARON A. EDISON,

    Petitioner,

v.                              Civil Action No. 2:18-cv-00411

STATE OF WEST VIRGINIA, ex rel.,
WV DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, BUREAU OF CHILD
SUPPORT ENFORCEMENT, and
CAROLIN M. DOTSON,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Pending is the pro se petitioner's "Petition of Appeal," filed in the Northern District of West Virginia on June 27, 2017, at a time when he was in custody at the North Central Regional Jail, and transferred to this court on March 9, 2018. Petitioner has clarified that the Petition of Appeal was intended to be an appeal of an adverse decision by the Supreme Court of Appeals of West Virginia ("SCAWV") as well as a petition under 28 U.S.C. § 2254. ECF No. 15 at 4. It appears that the petitioner is also attempting to raise claims for monetary damages under 42 U.S.C. § 1983. ECF No. 15 at 3-4.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation

("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 5, 2019, the magistrate judge entered his PF&R recommending that the court dismiss the petition and dismiss this civil action from the docket of the court. The petitioner timely filed objections on November 15, 2019.

The petitioner claims that his Fourteenth Amendment right to equal protection was violated when he was convicted of a misdemeanor count of failure to pay child support in the Circuit Court of Wirt County, West Virginia, which was affirmed by the SCAWV. Specifically, the petitioner alleges that state and federal child support laws discriminate based on gender. In addition, the petitioner claims that his counsel was ineffective by not arguing this constitutional claim in his state court criminal prosecution for failure to pay child support, as the petitioner repeatedly requested.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The petitioner raises four objections to the PF&R. First, the petitioner objects to the magistrate judge's finding that judges, attorneys, and other public officials are in this instance immune from criminal prosecution. The petitioner argues that criminal claims may be brought under 42 U.S.C. § 1983 against judges, attorneys, and government agents because they act under the "color of law." However, as the magistrate judge readily concluded, this court cannot initiate criminal prosecutions nor grant such relief in this civil action. All criminal prosecutions must be initiated by state or federal prosecuting attorneys. Accordingly, the first objection is overruled.

Second, the petitioner objects to the magistrate judge's finding that the petitioner's § 2254 petition is unexhausted. The petitioner argues that state court remedies were exhausted when he appealed the circuit court decision regarding his failure to pay child support and later filed a motion for rehearing before the SCAWV after the SCAWV affirmed the circuit court.

The magistrate judge identified three ways prisoners may exhaust state court remedies in West Virginia: (1) stating cognizable federal constitutional claims in a direct appeal; (2) stating federal constitutional claims in a petition for a writ

of habeas corpus in state circuit court and filing a petition for appeal from an adverse ruling in the SCAWV; or (3) filing a petition for a writ of habeas corpus under the original jurisdiction of the SCAWV.  The magistrate judge correctly concluded that the petitioner failed to exhaust state court remedies by any of these methods.  The petitioner's federal constitutional claims -- a Fourteenth Amendment equal protection violation and a Sixth Amendment ineffective assistance of counsel violation -- were not raised in the petitioner's criminal appeal.  The petitioner did not file a habeas petition in the circuit court or the SCAWV.  Since appealing a circuit court decision and later filing a motion for rehearing before the SCAWV does not amount to exhausting state court remedies, the second objection is overruled.

The petitioner's third objection is entitled, "In Answer to the Proposed Finding That This Petitioner Cannot Pursue a Claim for Damages Against any of the Respondents Under 42 U.S.C. 1983."  However, instead of addressing the § 1983 claim under this heading, the petitioner again argues that he can recover damages for an unconstitutional conviction under the § 2254 petition, contending that he has exhausted state remedies.  As discussed previously, the magistrate judge properly concluded that the petitioner did not exhaust state remedies.  Additionally, the court notes that the petitioner

cannot bring a claim for monetary damages under the § 2254 petition. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). The petitioner does not argue that he can recover damages for an unconstitutional conviction under § 1983, so the court will not address that issue. For these reasons, the third objection is overruled.

Fourth, the petitioner objects to the magistrate judge's finding that the petition fails to state a plausible § 1983 claim against Carolin Dotson. The petitioner argues generally that the petition states a plausible claim for relief against Carolin Dotson because she received child support payments from the petitioner that the petitioner argues are unconstitutional. The petitioner's objection is without merit. The magistrate judge correctly concluded that Carolin Dotson is not a state actor and was not acting under color of law, so she cannot be sued for damages under 42 U.S.C. § 1983. Since the petition did not state a plausible claim of relief against Carolin Dotson, the fourth objection is overruled.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full;

3. That the petitioner's "Petition of Appeal," as clarified by the petitioner, be, and hereby is, denied;

4. That this case be, and hereby is, dismissed and stricken from the court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

Enter: December 9, 2019

John T. Copenhaver, Jr.
Senior United States District Judge